OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Bruce E. Krivanek, seeks the reversal of the trial court's determination that he is a sexual predator pursuant to R.C. Chapter 2950.
In 1990, appellant pled guilty to the following charges: (1) one count of rape, in violation of R.C. 2907.02; (2) one count of gross sexual imposition, in violation of R.C. 2907.05; and (3) one count of corruption of a minor, in violation of R.C. 2907.04. After accepting the guilty pleas, the trial court ordered appellant to serve an indefinite term of incarceration of ten to twenty-five years for the rape conviction, a definite sentence of eighteen months on the gross sexual imposition charge, and a definite two-year prison term with respect to the corruption of a minor conviction.
Pursuant to R.C. Chapter 2950, the trial court subsequently issued a judgment entry ordering that appellant be transported from the Belmont Correctional Institution to Lake County so that a sexual offender classification hearing could be conducted. The trial court held the hearing on January 16, 2001. During the proceedings, both appellant and the state introduced evidence into the record, including appellant's presentence investigation report, his psychological evaluation, and various institutional records. In addition, both appellant and Dr. John Fabian ("Dr. Fabian") testified at the hearing.
Upon consideration of the evidence, the trial court issued a judgment entry on January 29, 2001, in which the court concluded that appellant should be classified as a sexual predator. From this judgment, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. Specifically, appellant claims that there is no clear and convincing evidence indicating that he is likely to commit a sexual offense in the future.
R.C. 2950.01(E) defines a "sexual predator" as a person who has been convicted of a sexually oriented offense and is likely to engage in that type of behavior again in the future. In applying this definition, a trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. See R.C. 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. See, also, State v. Eppinger,91 Ohio St.3d 158, 164, 2001-Ohio 247.
To assist a trial court in determining whether or not a particular person is a sexual predator, R.C. 2950.09(B)(2) sets forth a list of nonexclusive factors that a court must consider. These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) whether the underlying sexually oriented offense involved multiple victims; (5) whether the offender used alcohol or drugs to impair or incapacitate the victim; (6) whether the offender has previously participated in a rehabilitative program for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the specific nature of the sexual conduct involved in the underlying sexually oriented offense; (9) whether the offender acted cruelly in committing the underlying sexually oriented offense; and (10) any additional behavioral characteristics that contribute to the offender's conduct.
In applying the foregoing factors, the appellate courts of this state have held that a finding of likely recidivism can be made even though a majority of the factors are not relevant in a given case. State v. Head
(Jan. 19, 2001), 11th Dist. No. 99-L-152, 2001 Ohio App. LEXIS 160, at 4. Furthermore, a trial court can give greater weight to one factor over another if it is warranted under the specific facts of the case. Statev. Swick, 11th Dist. No. 97-L-254, 2001-Ohio-8831.
When reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin
(1983), 20 Ohio App.3d 172, 175. See, also, State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52.
Here, the record shows that the trial court considered each of the factors under R.C. 2950.09(B)(2), and after doing so, concluded there was clear and convincing evidence to support a determination that appellant is a sexual predator. In particular, the trial court found that appellant had committed a sexually oriented offense as defined by R.C. 2950.01, and that he was likely to engage in that type of behavior again in the future. To support this second conclusion, the trial court provided the following factual findings in its judgment entry:
 "a) [Appellant] was approximately forty-four (44) years old at the time of the offenses;
"b) [Appellant] had no criminal history;
 "c) The victim was approximately thirteen (13) years old at the time of the offenses;
 "d) While the offenses did not involve multiple victims, said offenses involved multiple offenses with one victim;
 "e) No drugs or alcohol were used to impair the victim of the sexually orientated offense or prevent the victim from resisting;
 "f) [Appellant] has not been previously convicted of any criminal offense;
 "g) [Appellant] has mental illness in the form of depression, anxiety, and anger management issues;
 "h) [Appellant's] actions constituted physical and psychological abuse amounting to a demonstrated pattern of abuse;
 "i) While there were no direct threats of cruelty, [appellant's] use of his parental role and authoritative position, his blaming of the victim and statement to the victim that she should not tell her mother, and `that you have to take it to your grave.', amount to displays of cruelty in the commission of the sexually oriented offenses." (Emphasis added.)
After reviewing the record in this case, we conclude that the trial court's judgment finding appellant to be a sexual predator is supported by clear and convincing evidence and is not against the manifest weight of the evidence. The facts show that appellant sexually assaulted his teenage stepdaughter on numerous occasions. The nature of appellant's conduct, which continued for a year or longer in duration, demonstrated a pattern of abuse that was facilitated by his relationship with the victim. Also, the victim told authorities that she felt threatened by appellant because he had a knife in his possession while he was molesting her, and appellant had told the girl to never tell her mother and that she must take appellant's actions to her grave.
More importantly, during the sexual offender classification hearing, appellant continued to refuse to accept full responsibility for his actions when he claimed that the victim was, at least in part, at fault because she "came on to him." For example, the following exchange occurred when the prosecutor questioned appellant:
 "Q. [The prosecutor] So just if I understand your testimony, sir, to this day you still feel that Charlotte is to blame in this offense in terms of the she came on to you?
"A. [Appellant] I do, yes."
And although Dr. Fabian later testified that appellant was beginning to take more responsibility for his actions, appellant told the trial court that he also considered himself to be a victim in this case. Specifically, appellant told the trial court that "[w]e were all victims, we, anybody that's in a sex offender program is considered all victims regardless of why we done the crime or how the crime was done we are all victims." The trial court was well within its discretion to give more weight to appellant's own testimony regarding his conduct as opposed to Dr. Fabian's impressions of the same.
As this court has noted in similar situations, such "deviant behavior shows such a disregard for our most basic taboos that the risk of recidivism must be considered great." State v. Heym (Dec. 22, 2000), 11th Dist. No. 99-L-192, 2000 WL 1876648, at 4. See, also, State v. Brown
(Sept. 21, 2001), 11th Dist. Nos. 98-L-257 and 98-L-258, 2001 Ohio App. LEXIS 4288, at 9-10. The young age of the victim, combined with her relationship with appellant and his inability or refusal to accept responsibility for his actions, all attest to appellant's likelihood of engaging in similar acts in the future.
We note that appellant's psychological evaluation classified him as having a "minimum to moderate risk of re-offending." However, while such evaluations should be accorded substantial weight in this type of proceeding, they are not binding on the trial court, and are not the only factors to consider.[1] Under R.C. Chapter 2950, the trial court has the discretion to assess the significance of a psychological evaluation, including its weight and credibility, and then consider the totality of the circumstances presented in a given case when making its decision.State v. Morrison (Sept. 20, 2001), 10th Dist. No. 01AP-66, 2001 WL 1098086.
That is, there is nothing in R.C. Chapter 2950, Morrison, or Eppinger
that requires the trial court to defer to expert testimony. Instead, we believe that Evid.R. 702 should be applied in sexual offender classification hearings just as it would be in any other category of case. See, e.g., State v. Allen, 73 Ohio St.3d 626, 636, 1995-Ohio-283
(noting that the trial court properly cautioned the jurors that expert testimony was entitled to no more weight than the testimony of any other witness).
Accordingly, there was some competent, credible evidence supporting a firm belief that appellant had committed a sexually oriented offense and was likely to commit another such offense in the future.[2] Appellant's sole assignment of error is not well-taken, and the judgment of the trial court is affirmed.
DIANE V. GRENDELL, J., concurs, ROBERT A. NADER, J., dissents with Dissenting Opinion.
[1] In Eppinger, the Supreme Court of Ohio held that "an expert shall be provided to an indigent defendant at * * * [a] sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offense * * *." Eppinger at syllabus.
[2] Although R.C. 2950.09 does not require that the trial court refer to each factor when making a sexual predator determination, the court is required to provide a "general discussion" of the relevant criteria so that an appellate court can conduct a meaningful review of the decision.State v. Randall (2001), 141 Ohio App.3d 160, 165-166. That is, a trial court should "discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Eppinger, supra.